UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:

ADRIENNE BOWMAN, :
Individually, :
 :
 Plaintiff, :
v. :
 :
BIRD BOWL INVESTMENTS, a Florida General:
Partnership, and ARGENTINA BBQ MEATS:
AND CAFETERIA, INC., d/b/a GRAZIANO'S:
RESTAURANT, a Florida for profit Corporation :
 :
 :
 Defendant(s). :
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, ADRIENNE BOWMAN, Individually, on her own behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiff"), hereby sues the Defendants, BIRD BOWL INVESTMENTS, a Florida General Partnership, and ARGENTINA BBQ MEATS AND CAFETERIA, INC., d/b/a GRAZIANO'S RESTAURANT a Florida for profit Corporation, d/b/a GIORGIO'S, a Florida for profit Corporation, (collectively referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and Florida Accessibility Code ("FAC").

1. Defendants' property is located at 9209-92385 S.W. 40th Street, Miami, Florida 33165 located in Miami-Dade County.

1

2. Venue is properly located in the Southern District because venue lies in the judicial district of the property *situs*. The Defendants' property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.   See also 28 U.S.C. § 2201 and § 2202.

4. Plaintiff, ADRIENNE BOWMAN, is *sui juris*, is a resident of Broward County, and qualifies as an individual with a physical disability as defined by 42 U.S.C. § 12102, *et seq*. Plaintiff is an amputee must utilize a wheelchair for mobility. Plaintiff also has difficulty operating mechanisms that require tight grasping, pinching, or twisting of the wrist.

5. On February 14, 2014, and on March 3, 2014, Plaintiff visited the commercial property, which forms the basis of this lawsuit and plans to return to the commercial property to avail herself of the goods and services offered to the public, and to determine whether the commercial property has been made ADA compliant.

6. Plaintiff encountered architectural barriers at the subject commercial property, and/or has actual knowledge of the architectural barriers at the subject commercial property, and places of public accommodation described more fully herein.

7. Defendant, BIRD BOWL INVESTMENTS own(s), lease, lease(s) to, or operate(s) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. §§ 36.201(a) and 36.104. Defendant, BIRD BOWL INVESTMENTS is responsible for complying with the obligations of the ADA and FAC.

8.     Defendant, ARGENTINA BBQ MEATS AND CAFETERIA, INC., d/b/a GRAZIANO'S RESTAURANT own(s), lease, lease(s) to, or operate(s) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. §§ 36.201(a) and 36.104. Defendant, ARGENTINA BBQ MEATS AND CAFETERIA, INC., is responsible for complying with the obligations of the ADA and FAC. The place of public accommodation that the Defendant, ARGENTINA BBQ MEATS AND CAFETERIA, INC., owns, operates, leases (or leases to), is commonly known within the community as Graziano's restaurant.

9.     Upon information and belief, the Defendant, BIRD BOWL INVESTMENTS is the commercial landlord, and leases commercial tenant spaces to the following places of public accommodation identified as, Graziano's restaurant and The Honey Baked Ham Company.

10.    Plaintiff, ADRIENNE BOWMAN, visited the commercial property, and purchased items, goods, or merchandise from the places of public accommodation identified as Graziano's restaurant and The Honey Baked Ham Company.

11.    Plaintiff has been injured and discriminated against because her full and equal enjoyment while at the subject commercial property, Graziano's restaurant and The Honey Baked Ham Company was denied, hindered, and prevented by the presence of architectural barriers, and/or the policies, and/or procedures the Defendants either failed to implement, or chose not to implement, in order to ensure that the goods, services, and facility are readily accessible to, and usable by patrons who use a wheelchair to ambulate.

12.    Plaintiff, ADRIENNE BOWMAN, desires to, and would re-visit the subject commercial property, Graziano's restaurant and The Honey Baked Ham Company, but she remains unable to do so as long as the architectural barriers remain, and the Defendants continue to fail and

3

implement a policy and procedure to ensure that the goods, services, facilities, privileges, advantages and/or accommodations are readily accessible to, and usable by patrons who use a wheelchair to ambulate, including but not limited to the commercial tenant spaces identified herein.

13.     Plaintiff's full and equal enjoyment of the subject commercial property, and places of public accommodation will be infringed upon until all architectural barriers have been removed.

14.     Plaintiff, ADRIENNE BOWMAN, has a realistic, credible, existing and continuing threat of discrimination from Defendants non-compliance with the ADA with respect to this commercial property, as described but not necessarily limited to the allegations in paragraph 16 of this Complaint.   Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the below referenced places of public accommodation not only to avail herself of the goods, services, facilities, privileges, advantages and/or accommodations available at the property, but to assure herself that this property is in compliance with the ADA so that she, and others similarly situated will have the full and equal enjoyment of the property without fear of discrimination.

15.     The Defendants have discriminated against the individual Plaintiff by denying her access to, and the full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 *et seq*.

16.     The Defendants discriminatory acts against the Plaintiff are violation of the ADA and FAC by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A preliminary

inspection of the property has shown that violations exist.   These violations include, but are not limited to:

  a. Defendant, BIRD BOWL INVESTMENTS, fails to maintain its accessible features and fail to adhere to a policy, procedure and practice to ensure that its goods, services, and facilities are readily accessible to and usable by disabled persons who use a wheelchair to ambulate, such as the Plaintiff in violation of 28 C.F.R. Section 36.211;

**Parking, Entrance Access and Path of Travel**:

  b. Defendant, BIRD BOWL INVESTMENTS parking lot lacks a sufficient number of compliant disabled parking spaces and access aisles, with missing signs, obstructions present in the access aisles, faded markings, and lack of tire stops;

  c. Defendant, BIRD BOWL INVESTMENTS has failed to maintain and provide compliant accessible routes connecting the disabled parking with the entrance and all the features of the facility. There are obstructions placed in the accessible features and/or pathways, excessive slopes present, non-compliant curb approaches, and narrow passageways;

**Restrooms:**

  d. The restrooms located inside Graziano's restaurant and The Honey Baked Ham Company contain inaccessible features, inaccessible commodes, improper hardware, narrow door passageways, non-compliant maneuvering spaces, amenities that are located at an improper height, inaccessible sinks, urinals located at in improper height, flush controls located on the improper side, lack of compliant grab bars, and exposed lavatory pipes.

  e. There are inaccessible tables/seating areas located inside Graziano's restaurant and/or The Honey Baked Ham Company.

17. The discriminatory violations described in paragraph 16 (a)-(e) are not an exclusive list of the Defendants ADA violations. Plaintiff requires the inspection of the Defendants' commercial facility and place(s) of public accommodation, in order to photograph and measure all of the discriminatory acts violating the ADA, and all of the barriers to access therein. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated have been

denied access to, and have been denied the benefits of services, programs and activities of the Defendants' commercial buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants ADA violations, as set forth above.

18. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury, and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' commercial facility and place(s) of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

19. Defendants have discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*.

20. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21. Plaintiff is without adequate remedy at law, and is suffering irreparable harm.  Plaintiff has retained the undersigned counsels and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

22.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. § 36.304(a); in the alternative, if there has been an alteration to Defendants' commercial facility and place(s) of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. § 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. § 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

24.     Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cure its violations of the ADA.

        **WHEREFORE,** Plaintiff respectfully request:

        a.      The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 26, 2014					Respectfully Submitted,

By: /s/ *Camilo F. Ortega*
Camilo F. Ortega, Esq.,
(Florida Bar No: 75387)
Of Counsel to the
Law Offices of
Thomas B. Bacon, P.A.
**THE LAW CENTER**
1888 NW 7 Street
Miami, FL 33125
Phone: (786)-452-9709
Fax: (305)-643-3334
E-Mail: camilo@thomasbaconlaw.com

                                              By:_____
Thomas B. Bacon
Fla. Bar No.: 139262
Thomas B. Bacon, P.A
4868 S.W. 103rd Ave.
Cooper City, Florida, 33328
Tel: (954) 478-7811
Fax: (954) 237-1990
E-Mail: tbb@thomasbaconlaw.com