UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-23981-UU

ADRIENNE BOWMAN,

    Plaintiff,

v.

BIRD BOWL INVESTMENTS, a Florida General
Partnership, and ARGENTINA BBQ MEATS AND
CAFETERIA, INC. d/b/a GRAZIANO'S
RESTAURANT, a Florida for profit Corporation,

    Defendants.
_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, ARGENTINA BBQ MEATS AND CAFETERIA, INC. d/b/a GRAZIANO'S RESTAURANT, a Florida for profit Corporation (hereinafter singularly referred to as "Defendant"), by and through undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

1. Defendant states that it leases a property is located at 9227-9241 SW 40th St, Miami, FL 33165, in Miami-Dade County, for venue purposes only. Defendant otherwise denies the allegations in this paragraph.

2. Admitted for venue purposes only.

3. Admitted for jurisdictional purposes only. Defendant denies that it is in violation of Title III of the Americans With Disabilities Act and denies the remaining allegations in paragraph 3.

4. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 4, and therefore, denies same.

5. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 5, and therefore, denies same.

6. Defendant denies the allegations in paragraph 6.

7. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 7, and therefore, denies same.

8. Defendant admits that it leases a place of public accommodation. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 8, and therefore, denies same.

9. Defendant admits that it leases a commercial store from Co-Defendant Bird Bowl Investments. Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 9, and therefore, denies same.

10. Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 10, and therefore, denies same.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16, including all subparts (a) through (e).

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

370856_1

20. Defendant denies the allegations in paragraph 20.

21. Defendant is without sufficient knowledge as to whether or not the Plaintiff has retained said counsels as referenced in paragraph 21, and therefore, denies same. Defendant denies the remaining allegations in paragraph 21.

22. Defendant states that the ADA and its implementing regulations speak for themselves, and require neither admittance nor denial. Defendant otherwise denies the allegations in paragraph 22.

23. While prior notice to Defendant is not required as a pre-condition of suit, a lack of prior notice may be a basis to reduce or mitigate attorney's fees under 42 U.S.C. § 12212. Otherwise, all allegations in paragraph 23 are denied.

24. Defendant states that 42 U.S.C § 12188 speaks for itself, and requires neither admittance nor denial. Defendant otherwise denies that Plaintiff is entitled to injunctive relief or any other relief requested in this paragraph.

Defendant denies Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of her Complaint, including subparts (a) through (d).

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to pursue the claims in her Complaint. Upon information and belief, Plaintiff sought access to Defendant's premises not for the purpose of using the facility in the manner of a bona fide patron or customer, but solely for the purpose of pretending standing and bringing this action and therefore Plaintiff's claims should be dismissed for lack of jurisdiction.

2. Defendant is not required to comply with the specific accessibility standards claimed by Plaintiff because the facility which is the subject of this action was completed and

became a public accommodation prior to the effective date of the ADA, and prior to the effective date of the Florida Accessibility Code (FAC). 42 U.S.C. § 12182(b)(2)(A)(iv) only requires removal of "architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." The barrier removal Plaintiff seeks would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations of Defendant, and is not readily achievable.

3. Defendant has no obligation to make modifications to its policies and procedures to accommodate Plaintiff. The modifications Plaintiff seeks would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations of Defendant, are not required, and would create an undue hardship.

4. The modifications Plaintiff seeks would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations of Defendant, and would cause unreasonable risk to the safety or health of others or would violate the health safety, building or land use laws of the jurisdiction in which it is located.

5. Plaintiff was not denied equal treatment in the provision of goods, services, facilities, privileges, programs, activities, advantages or accommodations.

6. Plaintiff lacks standing with respect to barriers which do not impair Plaintiff's enjoyment of the public accommodation.

7. Plaintiff has not suffered and is not suffering irreparable harm, and as such, no injunctive relief is warranted.

8. Plaintiff's failure to put Defendant on notice as to her alleged inability to access Defendant's goods, services, facilities, privileges, programs, activities, advantages or accommodations made it impossible for Defendant to reasonably accommodate the alleged needs

of Plaintiff.  Plaintiff has not first attempted to seek non-judicial compliance or relief to the prejudice of the Defendant and contrary to the spirit and intention of the ADA which encourages "alternative means of dispute resolution."  42 U.S.C. 12212.

9. Defendant is not the proper party with respect to some or all of the premises, as Defendant does not have responsibility or control of the entire premises, including, but not limited to, premises owned or controlled by Defendant Bird Bowl Investments.

10. Defendant has and continues to make a good faith effort to comply with the law pertaining to the issues in this matter.

11. Plaintiff is not entitled to attorney's fees or costs for bringing this action.  On information and belief Plaintiff has sought access to Defendant's facility or premises solely or for the purpose of this litigation, and any agreements with her counsel for the payment of attorney's fees are unenforceable under and contrary to Florida law.

12. Defendant seeks from Plaintiff's any and all costs, fees and expenses incurred in the defense of this action.

Dated:  November 24, 2014                              Respectfully submitted,

/s/ Rodolfo Gomez  _____
Rodolfo Gomez, Esq.
Florida Bar No. 0820903
rgomez@anblaw.com
Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
rgomez@anblaw.com
*Counsel for Defendant Graziano's Restaurant*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on <u>November 24, 2014</u>, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                <u>/s/ Rodolfo Gomez</u>    _____
                    Attorney

370856_1

## SERVICE LIST

<u>Adrienne Bowman v. Bird Bowl Investments et al.</u>
CASE NO.: 1:14-cv-23981-UU

Thomas B. Bacon, Esq.
Florida Bar No. 139262
tbb@thomasbaconlaw.com
Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.
Cooper City, FL 33328
Tel: (954) 478-7811
Fax: (954) 237-1990
*Counsel for Plaintiff*

Camilo F. Ortega, Esq.
Florida Bar No. 75387
camilo@thomasbaconlaw.com
Ortega Law Group, P.A.
1888 NW 7th Street
Miami, FL 33125
Tel: (786) 452-9709
Fax: (305) 643-3334
*Counsel for Plaintiff*

Matt Weinstein, Esq.
MattwLaw@Yahoo.com
10723 SW 104th Street
Miami, FL 33176
Tel: (305) 670-5200
Fax: (305) 271-0467
*Counsel for Defendant Bird Bowl*

Rodolfo Gomez, Esq.
Florida Bar No. 0820903
rgomez@anblaw.com
Allen, Norton & Blue, P.A.
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
Tel: (305) 445-7801
Fax: (305) 442-1578
rgomez@anblaw.com
*Counsel for Defendant Graziano's Restaurant*

370856_1